IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EBRAHIM ADKINS,

               Plaintiff,

     v.                                          CASE NO. 11-3004-RDR

J. THOMAS MARTEN,

               Defendant.

### O R D E R

This matter comes before the court on a pro se civil complaint filed by a former prisoner and titled as seeking a writ of mandamus. Having reviewed plaintiff's limited resources, the court grants plaintiff leave to proceed in forma pauperis.[1]

The sole defendant named in this action is the federal district court judge who denied plaintiff's petition for a writ of habeas corpus under 28 U.S.C. § 2254 in August 2008.[2] Having reviewed plaintiff's complaint as amended,[3] the court finds this action should be summarily dismissed.

The court is to dismiss a case in which in forma pauperis

---

[1] Because plaintiff did not file this action while he was a "prisoner" as defined by 28 U.S.C. § 1915(h), he is not subject to the filing fee provisions in § 1915(b), or to the "3-strike" provision in § 1915(g).

[2] *See Adkins v. Morrison*, Case. No. 07-3211-JTM (D.Kan., August 27, 2008), *appeal dismissed*, 320 Fed.Appx. 850 (10th Cir., April 7, 2009), *cert. denied*, 130 S.Ct. 156 (2009).

[3] Plaintiff filed a motion for summary judgment, which includes his express amendment of the complaint to name the defendant in both his official and individual capacity. To the extent plaintiff seeks summary judgment, his motion is premature because the defendant has not been served with summons and the complaint as amended.

status has been granted if at any time the court determines the action is "frivolous or malicious," seeks relief "from a person immune from such relief," or "fails to state a claim for relief." 28 U.S.C. § 1915(e)(2)(B). Although plaintiff is no longer a prisoner as defined in § 1915(h), § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike. *See e.g.*, *Michau v. Charleston County, S.C.*, 434 F.3d 725 (4th Cir.)(§ 1915(e) "governs IFP filings in addition to complaints filed by prisoners"), *cert. denied*, 548 U.S. 910 (2006). *See also Merryfield v. Jordan*, 584 F.3d 923, 926 (10th Cir.2009)(affirming dismissal of nonprisoner's complaint as frivolous and as stating no claim for relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)); *Ruston v. Church of Jesus Christ of Latter-Day Saints*, 304 Fed.Appx. 666 (10th Cir. 2008)(§ 1915(e)(2)(B) dismissal of non-prisoner's frivolous complaint)(citing cases)(unpublished opinion, cited not as binding precedent but for its persuasive value, Fed.R.App.P. 32.1 and 10th Cir.R. 32.1).

Construing plaintiff's allegations liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and weighing all factual allegations not clearly baseless in plaintiff's favor, *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992), the court finds the instant action is subject to dismissal under all three provisions in § 1915(e)(2)(B) for the following reasons.

To the extent plaintiff essentially seeks habeas corpus relief under 28 U.S.C. § 2254 on grounds that were previously litigated or are newly raised, plaintiff has not obtained authorization from the Tenth Circuit Court of Appeals to pursue habeas relief in a second or successive § 2254 petition. *See* 28 U.S.C. § 2244(b)(3)(procedure

for seeking authorization from court of appeals to file second or successive § 2254 petition in district court). *See also Gonzalez v. Crosby*, 545 U.S. 524 (2005)(a motion for relief from judgment under Rule 60(b) which asserts or reasserts a federal basis for relief from a state court conviction is to be considered a second or successive habeas petition). Having reviewed plaintiff's allegations or error in his state criminal proceeding and appeal, the court further finds transfer of this matter to the circuit court would not be in the interests of justice, and concludes such claims should be dismissed without prejudice because this court lacks jurisdiction to consider an unauthorized second or successive § 2254 petition. *See In re Cline*, 531 F.3d 1249, 1252-53 (10th Cir.2008).

Also, to the extent plaintiff alleges error in the resolution of his § 2254 petition and seeks reversal of the district court decision rendered in that action, this court lacks jurisdiction to review that final order and judgment which is controlled by the Tenth Circuit mandate.

Plaintiff's attempt to pursue relief through mandamus or arguments sounding in 42 U.S.C. § 1983 to avoid this habeas mandate or restraints on filing a second or successive habeas petition is rejected.

Mandamus is not an available remedy for seeing seek post-judgment relief in plaintiff's closed § 2254 proceeding. Additionally, the Tenth Circuit would be the appropriate court for seeking mandamus relief to compel action in a district court case in the District of Kansas. Moreover, § 1983 is not a substitute for a habeas action. When a prisoner seeks to challenge the fact or duration of a state court criminal conviction or sentence, he must

3

proceed in habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

The court thus finds plaintiff's prayers for prospective injunctive relief are barred by the Tenth Circuit mandate and by statutory restrictions on seeking habeas corpus relief in a second or successive § 2254 petition. The court also finds plaintiff's request for a restraining order to prevent future retaliation by the defendant is frivolous because there is no factual or legal support for this request.

To the extent plaintiff seeks, presumably under § 1983, all other relief from the defendant for judicial actions taken in the course of the defendant's jurisdiction, any such claim is clearly barred by judicial immunity. The doctrine of judicial immunity protects a judge from liability for the judge's official adjudicative acts. *Stump v. Sparkman*, 435 U.S. 349, 362-64 (1978); *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir.2002), *cert. denied*, 538 U.S. 983 (2003). This broad judicial immunity extends to judicial acts done in error, maliciously, or in excess of authority. *Stump*, 435 U.S. at 356. To overcome this immunity, a plaintiff must demonstrate that a judge's actions were either outside the judge's judicial capacity or were taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). On the face of plaintiff's allegations, the court finds neither showing can be made in this case.

Accordingly, finding it "patently obvious" that plaintiff can not prevail on the facts alleged against the defendant in this matter, and that additional amendment of the complaint would be futile to cure the defects identified herein, the court concludes

the amended complaint should be dismissed.  *Hall v. Bellmon*, 935 F.2d 1106, 1109-1110 (10th Cir. 1991).

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment (Doc. 4) is liberally construed and considered as encompassing an amendment to the complaint, and is denied as premature in all other respects.

IT IS FURTHER ORDERED that the complaint as amended is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), without prejudice to plaintiff's pursuit of habeas remedies, if any remain available.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc.3) is denied as moot.

DATED:  This 6th day of April 2011, at Topeka, Kansas.

 s/ Richard D. Rogers  
RICHARD D. ROGERS  
United States District Judge